UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FRANK COBLE,<br><br>                Plaintiff,<br><br>    v.<br><br>ANITA RENFROE, LLC, and ANITA RENFROE, individually,<br><br>                Defendants. | Civil Action No. 11-498<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION<br><br><br>JURY TRIAL REQUESTED |

Plaintiff Frank Coble ("Coble") hereby alleges the following causes of action against Defendants:

### I.    PARTIES

1. Plaintiff Coble is an individual who resides and does business at 19835 25th Avenue NE, Shoreline, Washington 98155.

2. Defendant Anita Renfroe, LLC ("Renfroe LLC") is a Georgia limited liability company with a mailing address of P.O. 801232, Acworth, Georgia 30101 and a registered agent's address of 1348 Fallsbrook Drive NW, Acworth, Georgia 30101.

3. Defendant Anita Renfroe ("Renfroe") is an individual who, on information and belief, resides and/or does business at 1348 Fallsbrook Drive NW, Acworth, Georgia 30101.

COMPLAINT - 1

Civil Action 11-498

COBL-6-1001P01CMP

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## II.   JURISDICTION AND VENUE

4. This action arises under the copyright and trademark laws of the United States of America, 17 U.S.C. § 101 *et seq.* and 15 U.S.C. § 1051 *et seq.*, respectively. Jurisdiction over the copyright, false designation of origin and federal unfair competition claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this Court pursuant to 28 USC §§ 1391(b) and (c) and 1400(a). Defendants have transacted business in and have had continuous and systematic contacts with the Western District of Washington. A substantial part of the events or omissions giving rise to the claims occurred in the Western District of Washington. Defendants have performed in and have and continue to offer for sale and on information and belief sell the infringing work in this district.

## III.   FACTUAL ALLEGATIONS

6. Coble is a comedian and entertainer who creates and performs original lyrics, music and comedy routines.

7. Prior to July 3, 2005, Coble authored the "Mom Song" consisting of lyrics to be set to upbeat tempo rap or other music. The song was written by Coble based on interactions with his mother who, much like a drill sergeant, was "always yelling at him as a kid." The lyrics include a wide range of "dos" and "don'ts" that moms tell their children throughout the day, in some cases with particular pattern, repetition and rhyme.

8. On July 3, 2005, Coble first publicly performed the *Mom Song* before a singles group at Granlibakken Inn in Lake Tahoe, Nevada.

9. Coble continued to develop the lyrics and presentation to the Mom Song over the course of the next year. By June 2006, Coble had added to the lyrics and altered the music accompanying the lyrics, although still including an upbeat tempo.

10. In early June 2006, Coble performed part of the *Mom Song* at the Christian Comedy Association annual conference held at the Cornerstone Church in Anaheim, California

COMPLAINT - 2

Civil Action 11-498

COBL-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

as part of his comedy act. Defendant Anita Renfroe was the Master of Ceremonies at the conference and introduced Coble. Coble was only allowed three minutes of material by Renfroe, who cut off Coble's song after only a few verses.

11. Later in the evening after the performance Renfroe and Coble sat by each other at the Holiday Inn in Anaheim where many of the performers were staying. They discussed Coble's *Mom Song*. During the course of the conversation Coble shared with Renfroe additional lyrics from his song beyond what had been performed.

12. Subsequent to Renfroe's first access to Coble's *Mom Song*, and without the knowledge or permission of Coble, Renfroe and/or Renfroe LLC copied Coble's lyrics, modified them and created a derivative work from Coble's *Mom Song* set to the tune of the upbeat cadence of the "William Tell Overture." Coble subsequently learned that in February 2007 Renfroe performed the work derived from Coble's *Mom Song* at the Dozier Center for the Performing Arts in Kennesaw, Georgia, and that on or about May 13, 2007, Defendants posted on YouTube the film clip of Renfroe's performance. Since that time, Defendants have engaged in a substantial, nationwide blitz desired to promote, market and sell the derivative performance in various media for profit.

13. Coble coined and began using the *Mom Song* as a source identifier for his lyrics and performances prior to his July 3, 2005 performance. Since that time, Coble has consistently used the *Mom Song* mark to identify his artistic work and performances and over the course of the last nearly six years throughout the country, and it has acquired secondary meaning as associated with Coble's authorship and performances.

14. Defendants' song has been promoted using the identical "Mom Song" or confusingly similar "Momism Song."

COMPLAINT - 3
Civil Action 11-498
COBL-6-1001P01CMP

BLACK LOWE & GRAHAM <sup>PLLC</sup>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### IV. CAUSES OF ACTION

**COUNT I: COPYRIGHT INFRINGEMENT**

15. Coble realleges the preceding paragraphs of this complaint.

16. The arrangement, organization and content of Coble's *Mom Song* constitute an original work protected under the copyright laws of the United States. Coble has complied with Title 17 of the United States Code and other laws governing copyrights and has secured the exclusive rights and privileges in and to the copyrights. Coble has delivered to the U.S. Copyright Office the deposit, application and fee required for federal copyright registration for these materials; Coble will supplement the record with a copy of the copyright registration when obtained from the Copyright Office. Coble has at all times relevant been and continues to be the sole proprietor of all right, title, and interest in and to these copyrights.

17. By copying, modifying and creating one or more derivative works and/or performing Coble's *Mom Song*, Defendants' actions constitute copyright infringement in violation of 17 U.S.C. § 101 *et seq.*

18. Defendants had access to Coble's copyrighted materials and knowledge of Coble's ownership rights in the *Mom Song* and their infringing activities were deliberate, knowing, willful, and malicious, and were designed to and provided Defendants with an economic advantage over Coble or benefit at Coble's expense. As a result of Defendants' willfully infringing acts, Coble has been injured and has suffered damages in an amount to be proved at trial.

**COUNT II: FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

19. Coble realleges the preceding paragraphs of this complaint.

20. In connection with Defendants' promotional, marketing and performance activities, Defendants have used a false designation of origin, false or misleading description of fact or false or misleading representation of fact using Coble's *Mom Song* mark, thereby creating

COMPLAINT - 4
Civil Action 11-498
COBL-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

a false and misleading association or passing off Coble's work as Defendants' own or as the work of third parties.

21. Defendants' use of the *Mom Song* on a derivative yet substantially similar song and performance has a high likelihood of creating confusion with Coble's work and performances and has or will create a false impression in the minds of the public as to the source of Defendants' work and performance. Accordingly, Defendants' acts are likely to cause confusion or to cause mistake or to deceive as to affiliation, connection or association or as to the origin, sponsorship or approval of Coble's work in violation of the Lanham Act, 15 U.S.C. § 1125(a). Coble has been injured and suffered damages in an amount to be proved at trial.

## V. PRAYER FOR RELIEF

WHEREFORE, Coble prays for the following alternative and cumulative relief:

1. An order preliminarily and permanently enjoining Defendants and all persons in active concert or participation with any of them from copying or creating derivative works based on Coble's copyrights, and in using or displaying the *Mom Song* or any other marks confusingly similar thereto, as a service mark, trademark, trade name or part thereof alone or in combination with other words, symbols, styles, titles or marks;

2. An order, as specifically provided by 17 U.S.C. § 503 and other applicable law, for seizure to recover, impound, and destroy all things infringing Coble's copyrighted materials, including any video, written, or digitally maintained materials Defendants may possess or have under their control, or under the control of any of Defendants' respective officers, agents, servants, employees, attorneys, or any other person acting in concert or participation with Defendants;

3. An order that Defendants deliver up for destruction all products, printed material, stationery, business forms, signs, advertisements, brochures, promotional material, manuals, pamphlets, labels, packages, containers, and all other materials bearing the *Mom Song* trademark, or any derivative, colorable imitation, or confusingly similar marks, together with all means for making or reproducing the same, pursuant to 15 U.S.C. § 1118 and other applicable law.

4. An order requiring Defendants to file with this Court and serve on Coble, within 30 days of service of this order, a report in writing under oath setting forth in

COMPLAINT - 5

Civil Action 11-498

COBL-6-1001P01CMP

BLACK LOWE & GRAHAM PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

      detail the manner and form in which Defendants have complied with the terms of the ordered relief;

5. Damages in an amount sufficient to compensate Coble for all injury sustained as a result of Defendants' wrongful activities, including wrongful profits of Defendants, as provided under applicable law;

6. Exemplary damages and all of its litigation expenses, including reasonable attorneys' fees and costs, as provided under applicable law; and

7. Such other and further relief as the Court may deem just.

RESPECTFULLY SUBMITTED this 21st day of March, 2011.

    /s David A. Lowe, WSBA No. 24,453
BLACK LOWE & GRAHAM$^{PLLC}$
Email: lowe@blgip.com
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Frank Coble

COMPLAINT - 6

Civil Action 11-498

COBL-6-1001P01CMP

BLACK LOWE & GRAHAM $^{PLLC}$
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301