UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK COBLE,

          Plaintiff,

   v.

ANITA RENFROE and ANITA RENFROE LLC,

          Defendants.

CASE NO. C11-0498 RSM

ORDER ON DEFENDANTS' MOTION FOR BILL OF COSTS

    This matter comes before the Court on Defendants' motion for bill of costs. Dkt. # 54. Having reviewed the motion, Plaintiff's response, and Defendants' reply, the Court GRANTS IN PART and DENIES IN PART the motion.

## I. BACKGROUND

    Plaintiff commenced this action against Defendants on March 21, 2011, asserting claims for copyright infringement under the United States Copyright Law and unfair competition and false designation of origin under the Lanham Act.[1] Defendants moved for summary judgment on both claims, asserting that Plaintiff could not show that the works at issue were substantially

---

[1] Although Plaintiff was initially represented by counsel, he is now proceeding *pro se*.

similar, that Plaintiff has not used a legally cognizable mark in commerce, and that Plaintiff cannot, in any event, establish any likelihood of confusion. Dkt. # 20. On February 15, 2012, the Court granted Defendants' motion for summary judgment as to all claims. Dkt. # 49.

Defendants now move for an award of costs under the Lanham Act, the Copyright Act, and 28 U.S.C. § 1920. Defendants do not move for an award of attorney's fees.

## II. DISCUSSION

### A. Costs Under the Lanham Act

Although the Lanham Act provides for the recovery of the "costs of an action" under certain circumstances, such costs may be recovered only by the plaintiff. 15 U.S.C. § 1117(a)(3). As such, Defendants' motion is denied to the extent it seeks costs under the Lanham Act.

### B. Costs Under the Copyright Act

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States." 17 U.S.C. § 505. An award that furthers the underlying purposes of the copyright Act is "reposed in the sound discretion of the district courts." *Fantasy, Inc., v. Fogerty*, 94 F. 3d 553, 555 (9th Cir. 1996).

In deciding whether to award costs under the Copyright Act, courts in this circuit look to the following factors: (1) the degree of success obtained; (2) frivolousness of the claims; (3) motivation; (4) objective reasonableness of the legal and factual arguments in the case; and (5) the need to advance considerations of compensation and deterrence. *Halicki Films, LLC v. Sanderson Sales and Marketing*, 547 F. 3d 1213, 1230 (9th Cir. 2008). These factors are not exclusive, and not all need be considered or met. *Fantasy*, 94 F. 3d at 558.

The Court declines to award costs under the Copyright Act because, even though Plaintiff's claims were summarily dismissed, it cannot be said that Plaintiff's claims were frivolous, that legal or factual arguments underlying those claims were objectively unreasonable, or that an award of costs is necessary to advance considerations of deterrence. However, because Defendants have incurred reasonable and necessary costs in defending this action, the Court will permit taxation of those specific costs that are provided for under 28 U.S.C. § 1920.

C. Costs Under 28 U.S.C. § 1920

In civil cases, federal law permits taxation of fees and costs in favor of the prevailing party with respect to, among other things, "[f]ees of the clerk and marshal," "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," "[f]ees and disbursements for printing and witnesses," and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. Taxation of such costs is within the discretion of the court. *See*, *e.g.*, *Madrigal v. Ryder*, Case 2:04-cv-02550-JCC, 2007 U.S. Dist. LEXIS 41102 (W.D. Wash. June 5, 2007) (*citing Merrell v. Block*, 809 F.2d 639, 642 (9th Cir. 1987)).

Here, Defendants have provided evidence that they incurred the following costs:

- $150.00 *pro hac vice* application fee of Alan Clarke;
- $628.65 in copying costs;
- $260.00 court reporting fee in connection with Plaintiff's deposition; and
- $3,510.83 in Westlaw legal research fees.

With the exception of the Westlaw legal research fees, each of the foregoing costs is taxable to Plaintiff under 28 U.S.C. § 1920. Accordingly, Defendants shall be entitled to pursue

taxation of such costs, in the cumulative amount of $1,038.65.  Pursuant to CR 54(d)(3), Defendants may submit to the Clerk a bill for taxable costs in that amount.

### III. CONCLUSION

For all of the foregoing reasons, Defendants' motion for bill of costs, Dkt. # 54, is GRANTED IN PART and DENIED IN PART.  Defendants may submit to the Clerk a bill for taxable costs in the amount of $1,038.65.

Dated this 29th day of March 2012.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE