UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK COBLE, | CASE NO. C11-0498-RSM |
| Plaintiff, | ORDER ON MOTION |
| v. | |
| ANITA RENFROE and ANITA RENFROE LLC, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's motion for expenses against Defendants' submission of bad faith declarations in support of motion for summary judgment. Dkt. # 69. Having reviewed the motion and its attachments, the Court DENIES the motion.

## II. BACKGROUND

Plaintiff commenced this action against Defendants on March 21, 2011, asserting claims for copyright infringement under the United States Copyright Law, and unfair competition and

false designation of origin under the Lanham Act.[1] Defendants moved for summary judgment on both claims, asserting that Plaintiff could not show that the works at issue are substantially similar, that Plaintiff has not used a legally cognizable mark in commerce, and that Plaintiff cannot, in any event, establish any likelihood of confusion. Dkt. #20. On February 15, 2012, the Court granted Defendants' motion for summary judgment as to all claims. Dkt. #49. On March 30, 2012, the Court granted in part and denied in part Defendants' motion for an award of costs under the Lanham Act, the Copyright Act, and 28 U.S.C. § 1920. Plaintiff now moves for expenses against Defendants' submission of bad faith declarations in support of the motion for summary judgment. Dkt. #69.

## III. DISCUSSION

A.  Disqualification of a Federal Judge

As a preliminary matter, Plaintiff requested that the undersigned disqualify himself from this case on the basis that Judge Martinez has a "chummy relationship" with Lane Powell law firm– Defendants' attorney. Dkt. #69-1, p. 4. Plaintiff further alleges that Judge Martinez's comments regarding diversity could "fuel bias and hatred towards whites." [2] *Id*. Even though these allegations are highly offensive and purely speculative, the Court considered Plaintiff's request under 28 U.S.C. § 455, the applicable statute regarding disqualification of judges. The statute mandates the disqualification of any justice, judge, or magistrate judge of the United States in any proceeding in which the judge's impartiality might reasonably be questioned. 28 U.S.C. § 455. Under the elements of the statute, the Court finds nothing that would compel or suggest that the undersigned is not qualified to rule on this case.

---

[1] Although Plaintiff was initially represented by counsel, he is now proceeding *pro se*.
[2] Plaintiff refers to an interview conducted on February 8, 2006. Ricardo S. Martinez – Interview, The Seattle Civil Rights and Labor History, http://depts.washington.edu/civilr/ martinez.htm (last visited Oct. 15, 2012).

B. <u>Attorneys' Fees for Affidavit Submitted in Bad Faith</u>

Plaintiff's motion is made pursuant to Fed. R. Civ. P. 56(g), Affidavit or Declaration Submitted in Bad Faith. Dkt. #69. As a consequence of the 2010 amendments to Rule 56, 56(g) is now 56(h). Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendment.

Fed. R. Civ. P. 56(h) provides:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

*Pro se* litigants, such as Plaintiff, are generally not entitled to attorney fees for their work representing themselves. *Mitchell v. Washington State Dept. of Corr.*, 164 Wash. App. 597, 608 (2011). The Ninth Circuit Court of Appeals has held that lawyers who incur fees representing themselves should be awarded attorney fees where fees are otherwise justified because they must take time from their practices to prepare and appear as any other lawyer would. *Leen v. Demopolis,* 62 Wash. App. 473, 486–87 (1991). But no Washington case extends this reasoning to a non-lawyer *pro se* litigant. *In re Marriage of Brown*, 159 Wash. App. 931, 938-39 (2011). Here, Plaintiff has not established that he is entitled to a fee award.

In his declaration, Plaintiff claims he incurred a reasonable expense of $3,700 "in preparing and sending interrogatories in responding to Ms. Mullins' declaration." Dkt. #69-1, p. 4. Whereas in his proposed order for expenses for bad faith declaration, Plaintiff claims he "incurred reasonable attorney fees of $3,800 from attorney Gary Marshall." Dkt. #69-3, p.2. The $100 difference is not as concerning to the Court as the fact that Plaintiff states he incurred attorney's fees of $3,800 for preparing interrogatories when the name "Frank Coble, *pro se*"


1 appears at the bottom of the pages of the interrogatories sent to Ms. Mullins. Dkt. #69-2. Based on the interrogatories alone, the Court finds that Plaintiff, proceeding *pro se*, not his former attorney Gary Marshall, prepared the interrogatories sent to Ms. Mullins.

Furthermore, even if award of attorney fees pursuant to Rule 56 extended to *pro se* litigants, Plaintiff's claim would fail as he has not demonstrated that the affidavit was submitted in bad faith. Although the term "bad faith" is not defined in the Federal Rules of Civil Procedure, as used in Rule 56 the phrase indicates actions taken without any colorable legal or factual basis. *Sierra Club v. U.S. Army Corps of Engineers,* 776 F.2d 383, 390 (2d Cir. 1985). An affidavit is submitted in bad faith when it "knowingly contains perjurious or intentionally false assertions or knowingly seeks to mislead by omitting facts central to a pending issue." *Bowers v. Rector & Visitors of Univ. of Va.*, 3:06CV00041, 2007 WL 2963818 (W.D. Va. Oct. 9, 2007) on reconsideration in part sub nom. *Bowers v. Univ. of Virginia*, CIV. A. 3:06CV00041, 2008 WL 2346033 (W.D. Va. June 6, 2008) (internal citation omitted).

Nothing Ms. Mullins stated in answering the interrogatories suggests that she made false assertions in her declaration. At a minimum, Ms. Mullins' answers to the interrogatories do not contradict her initial declaration that there was no copy editing of content of the Book after Defendant submitted the final manuscript. Plaintiff also contends that Ms. Mullins' signature was "forged." Dkt. #69-1, p. 1. Plaintiff alleges that Ms. Mullins' signature is different than the signature that was used in the declaration. Dkt. #69-1, p. 3. After examining both signatures, it is reasonable to say that, at a minimum, the signatures look extremely similar. Thus, the Court cannot conclude that the affidavit was submitted in bad faith.

However, even if the Court determined that the affidavit was made in bad faith, no award under Rule 56 is warranted when summary judgment was granted independent of the affidavit.

*Faberge, Inc. v. Saxony Products, Inc.*, 605 F.2d 426, 429 (9th Cir. 1979). Here, the Court granted Defendants' motion for summary judgment on the basis that Defendant's "Momisms" song is not substantially similar to Plaintiff's "Mom Song." Dkt. #49, p. 8. Ms. Mullins' affidavit was not the reason why Plaintiff's claims were dismissed. Even assuming that the affidavit in question was submitted in bad faith, Plaintiff is not entitled to the award it seeks under Rule 56 because Ms. Mullins' allegedly erroneous statement had no material effect on the Court's decision to grant the summary judgment motion. Consequently, Plaintiff's motion for expenses is denied.

C. <u>Sanctions for Affidavit Submitted in Bad Faith</u>

Plaintiff urges the Court to hold Defendant and her attorney in contempt of Court for submitting affidavits in bad faith in support of their motion for summary judgment. Dkt. #69, p. 5. As previously stated, however, the Court is not convinced that the affidavit was presented in bad faith. Therefore, the Court finds no grounds to impose sanctions pursuant to Rule 56.

### IV. CONCLUSION

Having considered the motion and exhibits attached thereto, and the remainder of the record, the Court finds and orders that the Plaintiff's Motion for Expenses Against Defendant (Dkt. #69) is DENIED. The Clerk is directed to send a copy of this order to Plaintiff and all counsel of record.

DATED this 17th day of October 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE